RP

**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,
Plaintiff,
v.
Jorge Vargas-Alberto,
Defendant/Movant.

No. CR 05-555-PHX-DGC
No. CV 07-91-PHX-DGC (JCG)
**ORDER**

Movant Jorge Vargas-Alberto, who is confined in the United States Penitentiary-Lompoc in Lompoc, California, filed a *pro se* "Motion For Modification Of I[m]posed Imprisonment (18 U.S.C. § 2255 Correction Of Sentence.) (18 U.S.C. § 4205 n. 23, 24 Sentence Courts Continued Jur[is]diction To Modify Sentence Resentence.)." The Court will summarily dismiss the motion.

## I. Procedural History.

Pursuant to a plea agreement, Movant pled guilty to Illegal Re-Entry after Deportation in violation of Title 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to Title 8 U.S.C. § 1326(b)(2). The plea agreement provided for a sentencing range of between 10 and 63 months depending on the appropriate criminal offense level for Movant. On December 5, 2005, the Court sentenced Movant to a 37-month term of imprisonment followed by three years on supervised release.

Movant seeks a modification of his sentence. He alleges that his attorney of record,

Greg Torok, told him that the sentence range would be within 37 months if he entered a guilty plea. Movant also alleges that the undersigned Judge told him the sentencing range would fall within a 37-month sentence. Movant complains that he was sentenced to 37 months. Somehow, Movant appears to be under the mistaken impression that a 37-month sentence is not within a 37 month sentence range.

Because the 37-month sentence was clearly within the 10 to 63 month sentencing range in the plea agreement and within the 37 month sentencing range Movant alleges his attorney and this Judge advised him about, it plainly appears from the motion itself that Movant is not entitled to relief.

## II. Summary Dismissal.

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). Moreover, if there has been a valid waiver of the right to file a federal habeas corpus petition, a court lacks jurisdiction to hear the case. See Washington v. Lampert, 422 F.3d 864, 869 (9th Cir. 2005). In this case, the record shows that summary dismissal under Rule 4(b) is warranted and the Court lacks jurisdiction to hear the motion because Movant has waived the right to bring a § 2255 motion.

## III. Waiver

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d

1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington, 422 F.3d at 871 (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

(Doc. #16). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. #16).

Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion for lack of jurisdiction. Accordingly,

**IT IS ORDERED** that the "Motion For Modification Of I[m]posed Imprisonment (18 U.S.C. § 2255 Correction Of Sentence.) (18 U.S.C. § 4205 n. 23, 24 Sentence Courts Continued Jur[is]diction To Modify Sentence Resentence.)" (Doc. #17 in CR 05-555-PHX-DGC) is **denied** and that the civil action opened in connection with this Motion (CV 07-91-PHX-DGC (JCG)) is **dismissed**. The Clerk of Court must enter a judgment of dismissal of the civil action accordingly.

DATED this 21st day of February, 2007.

David G. Campbell
United States District Judge